FILED

10 FEB 17 PM 12: 50

CLERK U S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  DAVID R. HOLMQUIST, General Counsel (SBN 179872)
   JAY F. GOLIDA, Associate General Counsel (SBN 183691)
2  LOS ANGELES UNIFIED SCHOOL DISTRICT

3  FERNANDO VILLA (SBN 118386)
   (fvilla@pircher.com)
4  JEFFREY N. BROWN (SBN 105520)
   (jbrown@pircher.com)
5  KAYCEE B. VELARDE (SBN 252332)
   (kvelarde@pircher.com)
6  PIRCHER, NICHOLS & MEEKS
   1925 Century Park East, Suite 1700
7  Los Angeles, California 90067
   Telephone: 310.201.8900
8  Facsimile: 310.201.8922

9  Attorneys for Plaintiff LOS ANGELES
   UNIFIED SCHOOL DISTRICT
10

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

14 | LOS ANGELES UNIFIED SCHOOL    Case No. **CV 10- 01181** -PSG(PLAx)
   | DISTRICT,
15 |
   |             Plaintiff,         **COMPLAINT FOR:**
16 |
   |      vs.                       **(1) RESPONSE COSTS UNDER**
17 |                                    **CERCLA;**
   | BP AMERICA INC., a Delaware    **(2) DECLARATORY RELIEF**
18 | corporation; HANKEY INVESTMENT     **UNDER CERCLA;**
   | COMPANY, LP, a California limited **(3) CONTRIBUTION/INDEMNITY**
19 | partnership; MIDWAY MOTORS, a      **UNDER CALIFORNIA**
   | California corporation; and DOES 1-10, **HAZARDOUS SUBSTANCES**
20 | inclusive,                         **ACCOUNT ACT ("HSAA");**
   |                                **(4) DECLARATORY RELIEF**
21 |             Defendants.            **UNDER CALIFORNIA HSAA;**
   |                                **(5) CONTRIBUTION AND**
22 |                                    **ATTORNEYS' FEES UNDER**
   |                                    **CALIFORNIA LAND REUSE**
23 |                                    **AND REVITALIZATION ACT;**
   |                                **(6) CONTINUING PRIVATE**
24 |                                    **NUISANCE;**
   |                                **(7) CONTINUING PUBLIC**
25 |                                    **NUISANCE;**
   |                                **(8) CONTINUING TRESPASS;**
26 |                                **(9) NEGLIGENCE;**
   |                                **(10) EQUITABLE INDEMNITY;**
27 |                                **(11) DECLARATORY JUDGMENT;**
   |                                    **and**
28 |                                **(12) INJUNCTIVE RELIEF**

7336102.8

COMPLAINT

Plaintiff, the Los Angeles Unified School District ("LAUSD") alleges as follows:

**INTRODUCTION**

1.    LAUSD intends to construct an elementary school on three non-contiguous areas of property within the City of Los Angeles to help relieve overcrowding at Alexandria, Frank del Olmo, Caheunga and Charles H. Kim elementary schools, as well as the White House Place Primary Center. The three non-contiguous areas that will comprise the school are described as the "Northern Area", the "Central Area" and the "Southern Area". This lawsuit concerns the Northern Area and the Central Area (collectively, the "School Site"). LAUSD owns in fee simple the Central Area and portions of the Northern Area, and LAUSD has been issued orders of possession pursuant to its actions for eminent domain with respect to the parcels comprising the remainder of the Northern Area.

2.    The School Site is surrounded by contaminated properties currently or formerly owned and/or operated by certain named Defendants that have been used for, and/or continue to be used for, manufacturing, gasoline service and other industrial operations. Because the School Site is situated down-gradient and downstream from such properties, the School Site has become contaminated by such surrounding properties via migration of hazardous substances and other contaminants. In addition, because the School Site has previously been used for, and continues to be used for, manufacturing and other industrial operations by certain named Defendants, the School Site has been subject to additional contamination. As a result of the contamination caused by the Defendants, and as required by state law and the California Department of Toxic Substances Control ("DTSC"), LAUSD must remediate the School Site. LAUSD's investigations at the School Site, under the supervision of DTSC, have disclosed contamination in the soil and groundwater at levels that exceed, and in many instances, substantially exceed, applicable regulatory limits. LAUSD files this action to recover the response costs, including past, current and future investigation, testing, cleanup and monitoring costs, incurred by LAUSD with respect to the School Site, and

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1  to enjoin certain Defendants from allowing the migration of hazardous substances and

2  other contaminants from their respective properties to the School Site.

3      3.    The total cost of investigating, testing, remediating and monitoring the

4  contamination at the School Site will exceed several million dollars.

5      4.    LAUSD is entitled to recover the environmental response costs it has

6  already incurred and will continue to incur in cleaning up the School Site, to a judicial

7  declaration that Defendants are and will remain liable for such costs as LAUSD will

8  incur in the future, to injunctive relief to prevent certain Defendants from continuing to

9  contaminate the School Site, and to an award of its attorneys' fees and costs and

10  regulatory oversight costs incurred in responding to the hazardous substances at the

11  School Site, including, but not limited to, those fees and costs incurred in prosecuting

12  this action.

13              **JURISDICTION AND VENUE**

14      5.    This Court has original jurisdiction over this action pursuant to § 113(b) of

15  the Comprehensive Environmental Response, Compensation and Liability Act of 1980,

16  as amended ("CERCLA"), 42 U.S.C. § 9613(b), and as a federal question pursuant to

17  28 U.S.C. § 1331.  This Court has jurisdiction over LAUSD's state law claims as

18  pendant, ancillary and supplemental to LAUSD's federal law claims pursuant to 28

19  U.S.C. § 1367(a).

20      6.    Venue is proper pursuant to § 107(a) of CERCLA, 42 U.S.C. § 9613(b) in

21  that the release of hazardous substances and the damage caused thereby occurred in this

22  District, the School Site and the properties at issue owned and/or operated by all

23  Defendants lie within this District, and Defendants are either located or engaged in

24  substantial activities in this District.

25              **PARTIES**

26      7.    Plaintiff LAUSD is a school district organized and existing under and

27  pursuant to the laws of the State of California.

28

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel. 310.201.8900 • Fax 310.201.8922

8.     LAUSD is informed and believes and based thereon alleges that Defendant BP America Inc. ("BP") is a corporation existing under the laws of the State of Delaware and is doing business in the State of California, County of Los Angeles. LAUSD is informed and believes and based thereon alleges that BP is the corporate successor to Atlantic Richfield ("ARCO") by merger, and ARCO was, at all relevant times, a corporation existing under the laws of the State of Delaware that was doing business in the State of California, County of Los Angeles.

9.     LAUSD is informed and believes and based thereon alleges that Defendant Hankey Investment Company, LP ("Hankey") is, and was at all relevant times, a limited partnership existing under the laws of the State of California, doing business in the State of California, County of Los Angeles.

10.     LAUSD is informed and believes and based thereon alleges that Defendant Midway Motors ("Midway") is, and was at all relevant times, a corporation existing under the laws of the State of California, doing business in the State of California, County of Los Angeles.

11.     LAUSD is ignorant of the true names and capacities of the other Defendants sued herein as DOES 1 through 10, and, therefore, complains against these Defendants by such fictitious names. LAUSD is informed and believes and based thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the acts, omissions or occurrences herein alleged. LAUSD will amend this complaint to show the true names and capacities of those Defendants when they have been ascertained. LAUSD is informed and believes and based thereon alleges that each of the DOE Defendants was the agent, employee, assignee, predecessor in interest and/or successor in interest of each of the remaining DOE Defendants and in doing the things alleged herein was acting within the course and scope of such agency, employment, assignment, or interest.

12.     LAUSD is informed and believes and based thereon alleges that each of the Defendants was the agent of each of the remaining Defendants and, in doing the

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1   acts of which LAUSD complains, was acting within the scope of that agency and with

2   the permission, consent, approval and ratification of the other Defendants.

3                          **GENERAL ALLEGATIONS**

4        13.    LAUSD is informed and believes and based thereon alleges that Hankey is

5   the current owner of a facility that lies to the north of the School Site (the "ARCO

6   Site"). LAUSD is informed and believes and based thereon alleges that Midway

7   currently operates an automotive dealership on the ARCO Site. LAUSD is informed

8   and believes and based thereon alleges that a variety of hazardous substances and other

9   contaminants have been released on and from the ARCO Site, which hazardous

10  substances and other contaminants have migrated to the School Site.

11       14.    LAUSD is informed and believes and based thereon alleges that BP's

12  predecessor, ARCO, formerly operated a gasoline service station on the ARCO Site.

13  LAUSD is informed and believes and based thereon alleges that during ARCO's

14  operation of the ARCO Site a variety of hazardous substances and other contaminants

15  were released on and from the ARCO Site, which hazardous substances and other

16  contaminants have migrated to the School Site.

17       15.    LAUSD is informed and believes and based thereon alleges that Hankey is

18  the current owner of an additional facility that lies to the north of the School Site (the

19  "Adjacent Midway Site"). LAUSD is informed and believes and based thereon alleges

20  that Midway currently operates an automotive repair shop on the Adjacent Midway

21  Site. LAUSD is informed and believes and based thereon alleges that a variety of

22  hazardous substances and other contaminants have been released on and from the

23  Adjacent Midway Site, which hazardous substances and other contaminants have

24  migrated to the School Site.

25       16.    LAUSD is informed and believes and based thereon alleges that Hankey is

26  the current owner of a facility comprising the southern portion of the School Site (the

27  "Midway Site"), for which LAUSD has been issued an order of possession in a pending

28  eminent domain proceeding. LAUSD is informed and believes and based thereon

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

alleges that a variety of hazardous substances and other contaminants have been released on and from the Midway Site, which hazardous substances and other contaminants have migrated to other portions of the School Site.

17.   LAUSD is informed and believes and based thereon alleges that Midway formerly operated an automotive repair shop on the Midway Site. LAUSD is informed and believes and based thereon alleges that during Midway's operation of the Midway Site a variety of hazardous substances and other contaminants were released on and from the Midway Site, which hazardous substances and other contaminants have migrated to other portions of the School Site.

18.   LAUSD has not caused a release of any hazardous substances or other contaminants on the School Site.

19.   DTSC is the lead environmental regulatory agency responsible for overseeing the investigation, testing, remediation and monitoring of the School Site. DTSC has directed LAUSD to perform a Preliminary Environmental Assessment and Supplemental Site Investigation of the School Site. DTSC has also directed LAUSD to prepare a Remedial Action Workplan for the School Site. At all relevant times herein, LAUSD has complied with DTSC's direction and has undertaken each of these response actions at a substantial cost.

## FIRST CLAIM FOR RELIEF

### Response Costs Pursuant to CERCLA

### (Against All Defendants)

20.   LAUSD refers to the allegations contained in paragraphs 1 through 19 inclusive, and incorporates them by reference as though fully set forth herein.

21.   Defendants constitute "persons" as that term is defined in § 101(21) of CERCLA, 42 U.S.C. § 9601(21).

22.   The School Site, and each Defendant's respective facility, are "facilities" as that term is defined in § 101(9) of CERCLA, 42 U.S.C. § 9601(9).

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

23. As further described above, Defendants, and each of them, are "owners" and/or "operators" of facilities during the "release" of hazardous substances, as those terms are defined in § 101(20)(A) of CERCLA, 42 U.S.C. § 9601(20)(A) and § 101(22)(A) of CERCLA, 42 U.S.C. § 9601(22)(A).

24. The hazardous substances released by Defendants, and each of them, as described above, are "hazardous substances" as defined in § 101(14) of CERCLA, 42 U.S.C. § 9601(14).

25. In connection with the releases described in Paragraphs 13 through 17 hereof, LAUSD has incurred and will continue to incur necessary costs of response consistent with the National Hazardous Substances Pollution Contingency Plan, 40 C.F.R. 300.400, *et seq.* ("NCP"), including, but not limited to investigating the scope and nature of the contamination, testing, remediating and monitoring soil and groundwater.

26. As a direct result of the release and disposal of the hazardous substances as alleged above, LAUSD has suffered damages to date in excess of several million dollars, and will continue to incur necessary response costs in the future. The amount of these necessary costs is not precisely ascertainable at this time and LAUSD makes claim according to proof at trial.

27. Defendants, and each of them, are strictly liable, jointly and severally, under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), either because they owned and/or operated facilities at the time when a release of hazardous substances occurred, or because they currently own and/or operate facilities at which a release of hazardous substances has occurred.

28. LAUSD is therefore entitled to recover from Defendants, and each of them, past, present and future response costs, including attorneys' fees, interest and court costs pursuant to CERCLA, including but not limited to, 42 U.S.C. § 9607(a).

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Pursuant to CERCLA

### (Against All Defendants)

29.    LAUSD refers to the allegations contained in paragraphs 1 through 28 inclusive, and incorporates them by reference as though fully set forth herein.

30.    An actual controversy exists between LAUSD on the one hand and the Defendants on the other hand regarding their respective rights and obligations concerning necessary response costs under § 107(a) of CERCLA, 42 U.S.C. 9607(a).

31.    LAUSD asserts that Defendants, as the current or past owners and/or operators of their respective facilities at the time of the disposal and release of hazardous substances, and at all relevant times thereafter, are solely responsible for all necessary response costs under § 107(a) of CERCLA, 42 U.S.C. 9607(a). LAUSD is informed and believes and based thereon alleges that Defendants, and each of them, disagree with LAUSD's assertion.

32.    LAUSD desires a judicial determination that Defendants are strictly, jointly and severally liable to LAUSD for necessary costs consistent with the NCP.

33.    Such a declaration is necessary and appropriate at this time in order to ensure that an immediate and proper clean-up occurs, thereby avoiding any additional contamination of the School Site or other surrounding properties.

## THIRD CLAIM FOR RELIEF

### Contribution and/or Indemnity Pursuant to the

### California Hazardous Substance Account Act

### (Against All Defendants)

34.    LAUSD refers to the allegations contained in paragraphs 1 through 28 inclusive, and incorporates them by reference as though fully set forth herein.

35.    The chemicals and substances alleged herein that contaminated the School Site are "hazardous substances" under § 25316 of the California Health and Safety Code.

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

36.   The hazardous substances released into the environment constituted a "release" within the meaning of § 25320 of the California Health and Safety Code.

37.   Each Defendant is a "person" as described in § 25319 of the California Health and Safety Code.

38.   Defendants, and each of them, are liable persons as described by California Health and Safety Code § 25323.5 and are therefore liable in contribution and/or indemnity for LAUSD's response costs pursuant to California Health and Safety Code § 25363(e).

39.   As a proximate result of each Defendant's releases and discharges of hazardous substances into the environment, including into the soil and groundwater, LAUSD has had to incur, and will continue to incur, necessary response costs, consistent with Subpart E of the NCP.

40.   Notice of commencement of this action is being given to the Director of DTSC pursuant to § 25363(e) of the California Health and Safety Code.

41.   Defendants, and each of them, are strictly liable to LAUSD for contribution and/or indemnity under California Health and Safety Code §§ 25363 and 25323.5 for all amounts that LAUSD has incurred and may in the future incur as the result of the releases or threatened releases of hazardous substances at the School Site.

## FOURTH CLAIM FOR RELIEF

**Declaratory Relief Pursuant to the California Hazardous**

**Substance Account Act**

**(Against Hankey and Midway)**

42.   LAUSD refers to the allegations contained in paragraphs 1 through 28 and 35 through 41 inclusive, and incorporates them by reference as though fully set forth herein.

43.   An actual controversy exists between LAUSD on the one hand and Hankey and Midway on the other hand (both with respect to the Adjacent Midway Site)

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1  regarding their respective rights and obligations concerning necessary response costs
2  under Health and Safety Code Section 25363(e).

3      44.    LAUSD asserts that Hankey and Midway, as the respective owner and
4  operator of the Adjacent Midway Site at the time of the disposal and release of
5  hazardous substances, and at all relevant times thereafter, are solely responsible for all
6  necessary response costs incurred in connection with the investigation, testing, removal,
7  other remediation or monitoring of the hazardous substances on the School Site that
8  migrate from the Adjacent Midway Site.

9      45.    LAUSD desires a judicial determination that Hankey and Midway are
10  strictly liable to LAUSD for all such necessary response costs.

11      46.    Such a declaration is necessary and appropriate at this time, as due to the
12  continuing nature of Hankey and Midway's release, LAUSD anticipates that it will
13  likely incur future response costs and will likely be required to undertake future
14  response actions necessitated by Hankey and Midway's release at the Adjacent Midway
15  Site for which Hankey and Midway should be strictly, jointly and severally liable.

## FIFTH CLAIM FOR RELIEF

### Contribution and Attorneys' Fees Pursuant to the

### California Land Reuse and Revitalization Act

### (Against All Defendants)

20      47.    LAUSD refers to the allegations contained in paragraphs 1 through 28
21  inclusive, and incorporates them by reference as though fully set forth herein.

22      48.    The California Land Reuse and Revitalization Act, California Health and
23  Safety Code §§ 25395.60 *et seq.* ("CLRRA") allows a bona fide purchaser ("BFP") to
24  seek contribution from a responsible party for a discharge or release of hazardous
25  substances for which the BFP incurs DTSC or other agency oversight costs for
26  reviewing a response plan or overseeing the implementation of a response plan.

27

28

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

49.     A BFP may also recover attorneys' fees and experts' fees in connection with a claim for contribution for, or recovery of, response costs, pursuant to California Health and Safety Code § 25395.84(a).

50.     LAUSD is a BFP and has incurred, among other costs, DTSC oversight costs for reviewing and overseeing the implementation of LAUSD's response plan.

51.     The Defendants, and each of them, are responsible for the discharge and release of the hazardous substances for which LAUSD has incurred DTSC, and potentially other agency, oversight costs.

52.     LAUSD is therefore entitled to recover from Defendants, and each of them, past, present and future oversight costs, attorneys' fees, experts' fees, costs incurred in connection with this action, interest and court costs pursuant to California Health and Safety Code §§ 25395.84(a) and 25395.85.

## SIXTH CLAIM FOR RELIEF

### Continuing Private Nuisance

### (Against All Defendants)

53.     LAUSD refers to the allegations contained in paragraphs 1 through 28 inclusive, and incorporates them by reference as though fully set forth herein.

54.     LAUSD is informed and believes and based thereon alleges that at all material times, the Defendants, and each of them, allowed and permitted hazardous substances and other contaminants on their respective facilities to migrate into the soil and groundwater adjacent to and underlying the School Site.

55.     The release by each Defendant of hazardous substances and other contaminants has interfered with LAUSD's use and enjoyment of the School Site in that LAUSD cannot begin construction of the proposed elementary school on the contaminated areas of the School Site until this contamination is remediated to a safe level, and in that LAUSD can only open and operate the proposed elementary school at the School Site for so long as LAUSD takes such measures as DTSC requires and

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

1  approves to prevent the Defendants' releases from creating an unacceptable risk of
2  harm to the school's students, faculty and staff and to the environment.

3      56.    LAUSD is informed and believes and based thereon alleges that the
4  continuous migration of hazardous substances and other contaminants from the
5  Defendants' respective facilities to the School Site constitutes a nuisance within the
6  meaning of California Civil Code §§ 3479 and 3481 because it is injurious to LAUSD's
7  interests in the School Site and interferes with LAUSD's quiet use and enjoyment of
8  the School Site.

9      57.    LAUSD is informed and believes and based thereon alleges that the
10 contamination and harm caused by the nuisance can be reasonably abated.

11      58.    As a direct and proximate result of the continuing nuisance maintained by
12 the Defendants, and each of them, LAUSD has incurred costs and suffered damages in
13 investigating, testing and remediating the environmental conditions at the School Site,
14 and will continue to incur costs and suffer damages until the environmental conditions
15 at each Defendant's respective facility have been fully remediated, and the migration of
16 hazardous substances and other contaminants from each Defendant's respective facility
17 has ceased.  LAUSD is therefore entitled to an award of damages according to proof at
18 trial and an order requiring the Defendants, and each of them, to abate their respective
19 nuisances in accordance with all applicable laws, regulations and orders.

20                    **SEVENTH CLAIM FOR RELIEF**
21                      **Continuing Public Nuisance**
22                        **(Against All Defendants)**

23      59.    LAUSD refers to the allegations contained in paragraphs 1 through 28 and
24 54 through 58 inclusive, and incorporates them by reference as though fully set forth
25 herein.

26      60.    Groundwater within the State of California, including the groundwater
27 underlying the School Site, and the groundwater underlying each Defendant's
28

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1  respective facility, is "waters of the State" pursuant to California Water Code §

2  13050(e).

3      61.    The California Legislature has declared, as stated in California Water

4  Code § 13000, that "the people of the State have a primary interest in the conservation,

5  control and utilization of water resources of the State, and that the quality of all waters

6  of the State shall be protected for use and enjoyment by the people of the State."

7      62.    LAUSD is informed and believes and based thereon alleges that at all

8  material times, the Defendants, and each of them, allowed and permitted hazardous

9  substances and other contaminants to migrate from their respective facilities and into

10  the soil and groundwater on, adjacent to and underlying the School Site and other

11  adjacent properties, and into the waters of the State of California. These hazardous

12  substances and other contaminants continue to migrate onto the School Site and

13  adjacent properties, and into the groundwater.

14      63.    The hazardous substances and contaminants released, respectively, by the

15  Defendants are carcinogens, reproductive toxins and/or are otherwise highly toxic to

16  plant and animal life, and their release into the soil and groundwater constitutes a public

17  nuisance within the meaning of California Civil Code §§ 3479 and 3480. The

18  hazardous substances and contaminants have migrated, and are continuing to migrate,

19  into the waters of the State and the environment and are damaging the public natural

20  resources of the State of California. Further, the hazardous substances and

21  contaminants that have migrated onto the School Site expose students, teachers, school

22  administrators, and the community at large to a risk of injury, and harm the public by

23  necessitating the use of taxpayers' funds for the investigation, testing and

24  environmental remediation of the School Site.

25      64.    While this public nuisance affects a considerable number of persons, it has

26  caused special injury to LAUSD because the hazardous substances and contaminants

27  which the Defendants allowed to be released have migrated, and continue to migrate,

28  primarily to the soil and groundwater on and underlying the School Site. Additionally,

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

1  the contamination has interfered with LAUSD's free use of the School Site in that
2  LAUSD cannot begin construction of, and cannot open and operate, the proposed
3  elementary school on the contaminated areas of the School Site until this contamination
4  is remediated to a safe level, and LAUSD may only operate the proposed elementary
5  school for so long as LAUSD takes such measures as DTSC requires and approves to
6  prevent the Defendants' releases from creating an unacceptable risk of harm to the
7  school's students, faculty and staff and to the environment.

8      65.    LAUSD is informed and believes and based thereon alleges that the
9  contamination caused by the nuisance can be abated at a reasonable cost.

10      66.    As a direct and proximate result of the continuing nuisance maintained by
11  the Defendants, and each of them, LAUSD has incurred costs and suffered damages in
12  investigating, testing and remediating the environmental conditions at the School Site,
13  and will continue to incur such costs and suffer damages until the environmental
14  conditions of each Defendant's respective facility has been fully remediated, and the
15  migration of hazardous substances and other contaminants from each Defendant's
16  respective facility has ceased. LAUSD is therefore entitled to an award of damages
17  according to proof at trial and an order requiring the Defendants, and each of them, to
18  abate their respective nuisances in accordance with all applicable laws, regulations and
19  orders.

20                  **EIGHTH CLAIM FOR RELIEF**

21                       **Continuing Trespass**

22                    **(Against All Defendants)**

23      67.    LAUSD refers to the allegations contained in paragraphs 1 through 28
24  inclusive, and incorporates them by reference as though fully set forth herein.

25      68.    LAUSD is informed and believes and based thereon alleges that the acts
26  and/or omissions of the Defendants, and each of them, have caused hazardous
27  substances and other contaminants to be deposited at the School Site, without
28

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

1   LAUSD's knowledge or consent, in a manner that has caused great harm and damage to
2   the School Site.

3        69.    LAUSD is informed and believes and based thereon alleges that at no
4   relevant time did the Defendants, or any of them, have any legal right, authority or
5   consent to dispose, or allow or cause the disposal, of hazardous substances or
6   contaminants at the School Site.

7        70.    LAUSD owns portions of the School Site and has been issued orders of
8   possession for the remainder of the School Site pursuant to its eminent domain actions.
9   The presence of these hazardous substances and other contaminants at the School Site
10  has interfered with LAUSD's ownership and possessory interests in the School Site, as
11  LAUSD cannot construct, operate or maintain the proposed elementary school at the
12  School Site while this contamination remains in excess of regulatory standards and
13  poses an unacceptable risk of harm to students, faculty and staff, and to the
14  environment.    Additionally, the presence of hazardous substances and other
15  contaminants at the School Site will continue to interfere with LAUSD's ownership and
16  possessory interests in the School Site, as LAUSD will need to continue to investigate,
17  test and remediate the School Site for the presence of hazardous substances or
18  contaminants that migrate from the Defendants' respective facilities to the School Site.

19       71.    LAUSD is informed and believes and based thereon alleges that the
20  Defendants, at all material times, have been the current and/or former owners and/or
21  operators of their respective facilities that are either known, or suspected, to be the
22  source of the soil and groundwater contamination at the School Site.

23       72.    LAUSD is informed and believes and based thereon alleges that the
24  Defendants, by reason of their current and/or former ownership and/or operation of
25  their respective facilities, have negligently, recklessly, and/or intentionally caused or
26  permitted the release of hazardous substances and other contaminants into the soil and
27  groundwater during their respective ownership and/or operation of their respective
28  facilities.

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

1    73.  LAUSD is informed and believes and based thereon alleges that the

2  contamination caused by the trespass can be reasonably abated.

3    74.  As a direct and proximate result of the past and continuing trespass by the

4  Defendants, and each of them, LAUSD has incurred costs and suffered damages in

5  remediating the School Site, and will continue to incur costs and suffer damages until

6  the environmental conditions at each Defendant's respective facility have been fully

7  restored.

8  **NINTH CLAIM FOR RELIEF**

9  **Negligence**

10  **(Against the Hankey and Midway)**

11    75.  LAUSD refers to the allegations contained in paragraphs 1 through 28

12  inclusive, and incorporates them by reference as though fully set forth herein.

13    76.  Hankey and Midway, in their ownership and/or operation of their

14  respective facilities, owed LAUSD a duty to prevent the hazardous substances and

15  other contaminants situated on their respective facilities from migrating onto and

16  contaminating the School Site in a manner which has caused LAUSD to sustain

17  damages and losses.

18    77.  Each of Hankey and Midway breached, and continue to breach, their duty

19  of care to LAUSD by negligently owning, maintaining, controlling, managing and

20  operating their respective facilities so as to cause the hazardous substances and

21  contamination situated on their respective facilities to spill onto and contaminate the

22  School Site.  These hazardous substances and other contaminants continue to spill onto

23  and contaminate the School Site.

24    78.  Each of Hankey and Midway, by failing to exercise reasonable care in

25  their ownership or operation of their respective facilities to control the release of

26  hazardous substances and other contaminants which continue to spill onto and

27  contaminate the School Site, or to abate said hazardous substances and dangerous

28  conditions, have violated and continue to violate numerous state and federal statutes,

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

1 rules and regulations, as detailed in this Complaint. At a minimum, each of Hankey

2 and Midway have failed to comply with the provisions of the California Health and

3 Safety Code, CERCLA, the HSAA and other federal and state environmental statutes.

4      79.    The purpose of the aforementioned statutes is to set a standard of care or

5 conduct to protect LAUSD, students, faculty, school staff and others in their classes and

6 their property and the environment from the type of improper activities engaged in by

7 Hankey and Midway. Therefore, the improper activities and violations of Hankey and

8 Midway constitute negligence *per se.*

9      80.    Each of Hankey and Midway, by failing to exercise reasonable care in the

10 conduct of the ownership and operation of their respective facilities, proximately

11 caused and will continue to cause LAUSD the necessity to investigate, indentify,

12 remove and remediate the hazardous substances and other contaminants at the School

13 Site, and to incur response costs in undertaking each of these activities.

14      81.    LAUSD has been damaged by the necessity to incur significant response

15 costs and respond to the negligence of Hankey and Midway, in an amount as yet

16 unknown for which LAUSD makes claim according to proof at trial.

17      82.    The damages and losses sustained by LAUSD were caused by the

18 negligence of Hankey and Midway, without any fault of LAUSD contributing thereto.

19 Therefore, LAUSD is entitled to recover from Hankey and Midway the full amount of

20 its damages.

### TENTH CLAIM FOR RELIEF

**Common Law Equitable Indemnity**

**(Against All Defendants)**

24      83.    LAUSD refers to the allegations contained in paragraphs 1 through 28

25 inclusive, and incorporates them by reference as though fully set forth herein.

26      84.    At DTSC's direction and as compelled by DTSC and the California

27 Education Code, LAUSD conducted remedial activities and incurred response costs for

28 which Defendants are primarily liable.

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

85.   The Defendants, and each of them, by failing to remediate the hazardous substances and other contaminants existing on their respective facilities and by permitting these hazardous substances and contaminants to migrate onto the School Site, are liable for the presence and release of the hazardous substances and other contaminants onto the School Site.

86.   Any liability or potential liability of LAUSD due to the presence of hazardous substances and other contaminants at the School Site is the sole and proximate result of the improper handling, use, storage, disposal and release by Defendants of hazardous substances and other contaminants at their respective facilities which gave rise to a duty on the part of the Defendants to investigate and remove or remedy the hazardous conditions created by their conduct.

87.   Defendants have failed and continue to fail to recognize their equitable obligation to assume responsibility for the investigation, removal and/or remediation of the hazardous substances and other contaminants which have contaminated the School Site.

88.   As LAUSD has incurred costs as a consequence of the Defendants' improper handling, use, storage, disposal and release of hazardous substances and other contaminants, LAUSD is entitled to be indemnified by Defendants for all of LAUSD's past, present and future costs for the investigation, testing, removal and remediation of the hazardous substances and other contaminants at the School Site, including attorneys' fees, incurred in response to LAUSD's duty and obligations arising under state and federal law.

## ELEVENTH CLAIM FOR RELIEF

### For Declaratory Judgment

### (Against All Defendants)

89.   LAUSD refers to the allegations contained in paragraphs 1 through 88 inclusive, and incorporates them by reference as though fully set forth herein.

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

90.    LAUSD is informed and believes and based thereon alleges that an actual controversy has arisen and now exists between LAUSD and Defendants, and each of them, in that LAUSD contends, and Defendants deny, that responsibility for the hazardous substances and other contaminants caused or permitted to come onto the School Site rests solely and entirely upon Defendants.

91.    LAUSD has incurred and will continue to incur necessary response costs, including, but not limited to, investigatory, remedial and removal expenses, attorneys' fees, and interest, in remediating the School Site.

92.    LAUSD seeks a declaration of the rights and obligations of the parties, binding in any subsequent action or actions to recover necessary response costs and other damages incurred and to be incurred by LAUSD in connection with the releases, threatened releases, spills, disposals, discharges of hazardous substances and other contaminants that have and will pollute the School Site in the manner previously referenced.  Such declaration will prevent multiple, future actions to determine the rights and obligations of the parties.

## TWELFTH CLAIM FOR RELIEF

### For Injunctive Relief under State Law

### (Against All Defendants)

93.    LAUSD refers to the allegations contained in paragraphs 1 through 88 inclusive, and incorporates them by reference as though fully set forth herein.

94.    LAUSD is informed and believes and based thereon alleges that the Defendants, and each of them, have wrongfully and unlawfully permitted hazardous substances and other contaminants to be released onto the School Site and into the School Site's underlying groundwater.

95.    LAUSD has demanded that the Defendants, and each of them, stop permitting these hazardous substances and other contaminants to be released onto their respective facilities, the School Site and into the School Site's underlying groundwater. Defendants have refused and still refuse to refrain from this conduct.

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

96.     The wrongful conduct of the Defendants, and each of them, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to LAUSD in that so long as hazardous substances and other contaminants continue to migrate to and remain on the School Site, LAUSD's contractors, employees, agents, and the students, faculty and staff of LAUSD's future elementary school, remain at risk of exposure to the hazardous substances and other contaminants, and the School Site will remain at risk of exceeding acceptable levels for these hazardous substances and other contaminants.

97.     LAUSD has no adequate remedy at law because, unless and until Defendants are enjoined from allowing, and are required to remediate, the hazardous substances and other contaminants contained thereon to be released onto School Site and into the School Site's underlying groundwater, the School Site is at risk of exceeding acceptable regulatory levels for these hazardous substances and other contaminants.  This will result in further irreparable harm to LAUSD.

WHEREFORE, LAUSD prays for judgment as follows:

1.     Against all Defendants for response costs and other damages, under CERCLA, incurred by LAUSD, including reasonable attorneys' fees and interest;

2.     For a judicial declaration under CERCLA that all Defendants, and each of them, are liable for all future response costs incurred by LAUSD and other costs that may be incurred by LAUSD in connection with the School Site;

3.     Against all Defendants for response costs and other damages, under HSAA, incurred by LAUSD, including prejudgment interest allowed by law;

4.     For a judicial declaration that under HSAA that Hankey and Midway are liable for all future response costs and other costs that may be incurred by LAUSD in connection with the School Site;

5.     Against all Defendants for oversight costs and other damages, under CLRRA, incurred by LAUSD, including reasonable attorneys' fees and interest;

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 Century Park East, Suite 1700
Los Angeles, California 90067
Tel 310.201.8900 • Fax 310.201.8922

7336102.8

6.     Against all Defendants for general, consequential and incidental damages, in an amount to be proven at trial, caused by their continuing private nuisance, continuing public nuisance and continuing trespass;

7.     Against Hankey and Midway for general, consequential and incidental damages, in an amount to be proven at trial, caused by their negligence;

8.     Against all Defendants for equitable indemnification;

9.     For a judicial declaration that all Defendants caused the contamination at the School Site and are liable for its total cost of remediation;

10.     For injunctive relief ordering all Defendants to clean up the hazardous substances and other contaminants they have disposed of, released and dumped on and from their respective facilities;

11.     For injunctive relief prohibiting all Defendants, and all persons acting under, or in concert with or for them, from contaminating the School Site and their respective facilities; and

12.     Against all Defendants for such other and further relief which the Court may deem just and proper.

DATED: February _17_, 2010

DAVID R. HOLMQUIST
JAY F. GOLIDA
LOS ANGELES UNIFIED SCHOOL DISTRICT

FERNANDO VILLA
JEFFREY N. BROWN
KAYCEE B. VELARDE
PIRCHER, NICHOLS & MEEKS

By: _____
        Fernando Villa
        Attorneys for Plaintiff LOS ANGELES
        UNIFIED SCHOOL DISTRICT

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

COMPLAINT

## JURY DEMAND

1       LAUSD demands a jury trial as to all issues, claims and defenses for relief for

which a jury is allowed.

DATED: February _17_, 2010    DAVID R. HOLMQUIST
                                JAY F. GOLIDA
                                LOS ANGELES UNIFIED SCHOOL DISTRICT

                                FERNANDO VILLA
                                JEFFREY N. BROWN
                                KAYCEE B. VELARDE
                                PIRCHER, NICHOLS & MEEKS

                                By: _____
                                        Fernando Villa
                                Attorneys for Plaintiff LOS ANGELES
                                UNIFIED SCHOOL DISTRICT

PIRCHER, NICHOLS & MEEKS
ATTORNEYS AT LAW
1925 CENTURY PARK EAST, SUITE 1700
LOS ANGELES, CALIFORNIA 90067
TEL 310.201.8900 • FAX 310.201.8922

7336102.8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV10- 1181 PSG (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LOS ANGELES UNIFIED SCHOOL DISTRICT | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV10-01181-PSG(PLAx)** |
| v. | |
| BP AMERICA INC., a Delaware corporation; HANKEY INVESTMENT COMPANY, LP, a California limited partnership; MIDWAY MOTORS, a California corporation; and DOES 1-10, inclusive, | **SUMMONS** |
| DEFENDANT(S). | |

TO: **DEFENDANT(S):** _____

A lawsuit has been filed against you.

Within ____21____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Fernando Villa/Jeffrey N. Brown/Kaycee B. Velarde , whose address is Pircher, Nichols & Meeks, 1925 Century Park East, Suite 1700, Los Angeles, CA 90067 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **17 FEB 2010**

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS**  (Check box if you are representing yourself ☐ )

LOS ANGELES UNIFIED SCHOOL DISTRICT

**DEFENDANTS**

BP AMERICA INC., a Delaware corporation; HANKEY INVESTMENT COMPANY, LP, a California limited partnership; MIDWAY MOTORS, a California corporation; and DOES 1-10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

FERNANDO VILLA (SBN 118386) / JEFFREY N. BROWN (SBN 105520)
KAYCEE B. VELARDE (SBN 252332)
**PIRCHER, NICHOLS & MEEKS**
1925 Century Park East, Suite 1700
Los Angeles, California  90067
(310) 201-8900

Attorneys (If Known)

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ in excess of $3.0 million

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Sec. 9613(b) and state statutory and common law claims.  Plaintiff seeks response costs, indemnity, damages and injunctive relief with respect to contaminated school site.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine |  | ☐ 540 Mandamus/ Other |  |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange |  | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract |  | ☐ 443 Housing/Acco-mmodations |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☒ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application |  | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 245 Tort Product Liability |  |  |  | ☐ 871 IRS - Third Party 26 USC 7609 |
|  | ☐ 290 All Other Real Property |  |  |  |  |

**FOR OFFICE USE ONLY:**   Case Number:   CV10-01181

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date February / 7, 2010

Fernando Villa

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |