O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Defendant Hankey Investment Company, LP's and Defendant Midway Motors' Motion to Dismiss for Failure to Join Indispensable Parties and Motion to Dismiss Plaintiff's Fifth Cause of Action**

Before the Court are Defendant Hankey Investment Company, LP's and Defendant Midway Motors' Motion to Dismiss for Failure to Join Indispensable Parties and Motion to Dismiss Plaintiff's Fifth Cause of Action. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motions, the Court DENIES the motions.

I.      Background

Plaintiff Los Angeles Unified School District ("Plaintiff") intends to construct an elementary school on three non-contiguous areas of property within the City of Los Angeles.[1] This dispute concerns two of those areas: the "Northern Area" and the "Central Area" (collectively, the "School Site"). Plaintiff owns the Central Area and portions of the Northern Area in fee simple. Plaintiff has been issued orders of possession for the remaining portions of the Northern Area pursuant to eminent domain actions.

Defendant Hankey Investment Company, LP ("Hankey") owns two properties in the vicinity of the School Site, referred to as the "ARCO site" and the "Adjacent Midway site."

---

[1] The factual statements in this Background are taken from Plaintiff's complaint, along with the papers submitted in connection with the motion before the Court, and are not in dispute on this motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

Hankey also owns one property for which Plaintiff is awaiting an order of possession pursuant to its eminent domain actions, referred to as the "Midway site." Defendant BP America, Inc. ("BP) is the corporate successor to Atlantic Richfield ("ARCO"), which formerly operated a gasoline service station on the ARCO site. Defendant Midway Motors ("Midway") currently operates an automotive repair shop on the "Adjacent Midway site" and formerly operated an automotive repair shop on the "Midway site."

On February 17, 2010, Plaintiff filed this suit against Defendants Hankey, Midway, and BP, asserting claims for 1) response costs under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 2) declaratory relief under CERCLA, 3) contribution/indemnity under the California Hazardous Substances Account Act ("HSAA"), 4) declaratory relief under the HSAA, 5) contribution and attorneys' fees under the California Land Reuse and Revitalization Act ("CLRRA"), 6) continuing private nuisance, 7) continuing public nuisance, 8) continuing trespass, 9) negligence, 10) equitable indemnity, 11) declaratory judgment, and 12) injunctive relief.

Plaintiff alleges that the School Site is situated down-gradient and downstream from the properties owned by Defendant Hankey and that, as a result, the School Site has become contaminated from manufacturing, gasoline service, and other industrial operations currently or formerly taking place on those properties. Because of this contamination, Plaintiff alleges, it is required by law to remediate the School Site. By this action, Plaintiff seeks to recover the costs associated with remediating the School Site and to enjoin Defendants Hankey, Midway, and BP from continuing to allow migration of contaminants from their respective properties and facilities.

On March 12, 2010 Defendants Hankey and Midway (collectively, "Defendants") filed this motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(7) for failure to join indispensable parties or, in the alternative, for an order requiring Plaintiff to join necessary parties ("Motion"). The Motion also seeks dismissal of Plaintiff's fifth cause of action, i.e., Plaintiff's CLRRA claim, under Fed. R. Civ. P. 12(b)(6).

II.     Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(7)

    A.     Legal Standard

Under Fed. R. Civ. P. 12(b)(7), a defendant may move to dismiss an action for "failure to join a party under Rule 19." *See* Fed. R. Civ. P. 12(b)(7). Rule 19, in turn, "provides a three-

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *United States v. Bowen,* 172 F.3d 682, 688 (9th Cir. 1999). First, the Court must determine whether the third party is one traditionally denominated as "necessary." *See id.*; Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL 7:55 (The Rutter Group 2010) (noting that while Rule 19 no longer uses the terms "necessary" or "indispensable," courts continue to use those labels as terms of art in the Rule 19 analysis); *Cachil Dehe Band of Wintun Indians v. California,* 547 F.3d 962, 969 n. 6 (9th Cir. 2008) (noting same). A party is "necessary" and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). *See also Bowen,* 172 F.3d at 688. If the third party satisfies the above criteria, the Court must then determine whether joinder is "feasible." *See* Fed. R. Civ. P. 19(b); *Bowen,* 172 F.3d at 688. If joinder is not feasible, the Court "must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party." *See Bowen,* 172 F.3d at 688 (citing Fed. R. Civ. P. 19(b)).

In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings. *See McShan v. Sherrill,* 283 F.2d 462, 464 (9th Cir. 1960). The party moving under Rule 12(b)(7) "bear[s] the burden in producing evidence in support of the motion." *See Biagro Western Sales, Inc. v. Helena Chem.Co.,* 160 F. Supp. 2d 1136, 1141 (E.D. Cal. 2001) (citing *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier,* 17 F.3d 1292, 1293 (10th Cir. 1994)).

     B.   <u>Discussion</u>

Defendants contend that Plaintiff's complaint should be dismissed because Plaintiff has failed to join as defendants at least seventeen other entities that are responsible for the release of contaminates at or around the School Site. *Motion* 1:14-19. These entities, according to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

Defendants, are responsible for facilities identified in a Preliminary Environmental Assessment Report ("PEA Report") submitted by Plaintiff to the California Department of Toxic Substances Control. According to Defendants, the PEA Report indicates that some of these facilities pose a continuing threat of contamination to the School Site (because of their previous use as gasoline service stations), while others present "potential environmental concerns" to Plaintiff (again, for instance, because of their previous use as gasoline service stations), and still others are known to have caused groundwater or soil contamination up-gradient from the School Site at some point in the past or simply known to have "environmental issues." *See id.* at 5:7-8:13.

Plaintiff contends, however, that its complaint should not be dismissed because Defendants have not met their burden of establishing that the seventeen non-party entities in question are "necessary"—and, thus, "indispensable"—parties under Rule 19. The Court agrees.

"As is evident, Fed. R. Civ. P. 19(a) provides that a party is 'necessary' in two circumstances: (1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *See Bowen,* 172 F.3d at 688. Defendants present no argument or evidence here that any of the seventeen non-party entities "claims a legally protected interest" in this action. Defendants present three arguments, however, in support of their contention that "complete relief is not possible" here in the non-party entities' absence.

First, Defendants argue that an injunction (from further contamination) against only Hankey, Midway, and BP will not provide Plaintiff "a permanent solution to the environmental issues allegedly plaguing the School Site" because of the threat of continued contamination from the facilities of the absent entities. *See Motion* 11:23-12:24. The Court notes, however, that the "complete relief" analysis "is concerned only with relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *See Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.,* 662 F.2d 534, 537 (9th Cir. 1981) (internal quotations omitted). Joinder of parties is not made "necessary" simply because "plaintiff is asking for *less* than what defendant may argue is 'complete relief.'" *See* Schwarzer, FED. CIV. PRO. BEFORE TRIAL 7:68 (citing *Eldredge,* 662 F.2d at 537). Here, the injunctive relief Plaintiff seeks would require Defendants to address the contamination issuing from their own facilities or property. *See Cmplt* ¶ 97, 21:9-14. There is no evidence that this relief is impossible in the absence of the non-party entities.

Second, and related, Defendants argue that complete relief is not possible in the absence of the non-party entities because neither Defendants nor Plaintiff are authorized to enter onto the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

non-party entities' properties to remediate them. *See Motion* 12:25-14:7; *Reply* 7:16-18. As noted, however, Plaintiff seeks to have Defendants remediate their own facilities and properties, not those of any of the non-party entities. Defendants' reliance on *Lykins v. Westinghouse Electric,* 710 F. Supp. 1122 (E.D. Ky. 1988), where the plaintiffs sought remediation of a landfill site on which none of the parties to the action had authority to enter, is therefore misplaced. *See Lykins,* 710 F. Supp. at 1123-24. Defendants' second argument thus fails to persuade the Court.

Third, Defendants argue that, in the absence of the non-party entities, complete relief is not possible for Defendants themselves because "allowing this action to proceed will result in an unjust adjudication." *See Motion* 11:18-19, 14:8-15:5. In particular, Defendants contend that Plaintiff's claims for declaratory relief seek a judicial determination that Defendants are "*solely* responsible" for all costs, including future costs, to clean up the School Site. *See id.* at 14:15-23 (quoting *Cmplt* ¶ 31). According to Defendants, such a determination would have the collateral estoppel effect of precluding them from recouping costs from non-parties who may have contributed, or who may contribute in the future, to the contamination of the School Site. *See id.* at 14:24-15:3; *Reply* 7:24-8:4. Defendants argue that this result is especially unjust in light of the fact that, according to them, they will be left without a mechanism—whether under Rule 14's provisions for third party practice or by filing a separate action for injunctive relief—for enjoining non-parties from continuing to contaminate the School Site. *See Reply* 5:19-6:22. In other words, Defendants argue that they will be left to "foot the bill" for cleaning up the School Site while their neighbors continue to contaminate it. *See Motion* 14:28-15:3.

Even assuming, however, that the concerns Defendants articulate properly fall within the "complete relief" inquiry, *see Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 879 (9th Cir. 2004) (noting that the "complete relief" analysis "asks whether the absence of the party would preclude the district court from fashioning *meaningful relief as between the parties*") (emphasis added), the Court does not find this argument persuasive. First, it is not true that Plaintiff seeks a judicial determination that Defendants are "solely responsible" for all costs to clean up the School Site. Rather, Plaintiff seeks "a determination that Defendants are strictly, jointly and severally liable" for such costs. *See Cmplt* ¶¶ 32, 45.[2] Defendants do not explain how this determination would preclude them—whether under principles of collateral estoppel or

---

[2] The "solely responsible" language quoted by Defendants appears among the factual allegations in support of Plaintiff's claims for declaratory relief. *See id.* at ¶¶ 31, 44. Those allegations, like any other factual allegations in a pleading, are subject to disproof by Defendants.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

otherwise—from recouping present or future clean-up costs from non-parties. Case law suggests that it would not. *See United States v. Marisol,* 725 F. Supp. 833, 843 (D. Pa. 1989).³

      Moreover, Defendants have not persuaded the Court that they are without a mechanism for enjoining the non-party entities from continuing to contaminate the School Site. Defendants' maintain that they are unable to pursue equitable claims (including claims for injunctive relief) against the non-party entities by third party practice under Rule 14 because such claims would not be "derivative of Defendants' purported liability to Plaintiff." *See Reply* 5:19-6:14 (citing *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 452 (9th Cir. 1983) ("[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative.")). Defendants do not, however, elaborate on this contention enough to be persuasive. Further, the Court notes that "once a party has asserted a proper impleader claim [under Rule 14], it may join any other claim . . . through the permissive claim joinder rule [(Rule 18(a)]." *See* 3 *Moore's Federal Practice*, §§ 14.04[2], 14.04[3][c] (Matthew Bender 3d ed.). Here, Defendants do not dispute Plaintiff's contention that Defendants may, if they choose, assert third-party claims under Rule 14 against the non-party entities based on Plaintiff's claims for response costs under CERCLA and for other "compensatory damages under a theory of joint and several liability." *See Opp.* 4:3-6:2, 6:22-26 n. 4 (citing *U.S. v. Marisol,* 725 F. Supp. 833 (D. Pa. 1989); *Coldani v. Hamm,* 2008 U.S. Dist. LEXIS 111527 (E.D. Cal. Sept. 2, 2008)). Defendants do not explain why, were they to assert such third-party claims, they would be precluded from joining claims for equitable relief under Rule 18(a). *See* 3 *Moore's Federal Practice*, §§ 14.04[2], 14.04[3][c]. Finally, Defendants offer no authority or argument, beyond an unexplained citation to *Lykins v. Westinghouse Electric*, to support their contention that they would lack standing to enjoin non-parties from continuing to contaminate the School Site. *See Reply* 6:17-20. The Court discerns nothing in *Lykin* to support this contention.⁴

---

    ³ As the court in *Marisol* noted,

> [L]iability under CERCLA is joint and several. . . . In a case in which two or more parties are jointly and severally liable, the plaintiff need not sue and join all those potentially liable. . . . The courts have consistently rejected attempts by CERCLA defendants to compel the government to round up every other available defendant, noting that defendants can protect themselves through the impleader provision of Rule 14.

*See Marisol,* 725 F. Supp. at 843.

    ⁴ The Court should not be understood here as reaching an affirmative determination that Defendants may assert any particular claims—including claims for equitable relief—against any

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

In addition to the foregoing arguments relating to whether "complete relief" is currently possible, Defendants contend that Plaintiff's complaint should be dismissed under Rule 19 because Plaintiff's failure to join the non-party entities "will certainly result in a multitude of subsequent litigation." *See Motion* 15:6-28. Defendants claim that because they cannot assert third-party claims in this action based on Plaintiff's claims for equitable relief, they will be forced to file subsequent actions against the absent entities.[5] *See Motion* 15:8-14. Defendants also claim that "Plaintiff will inevitably be forced to enjoin at least one of 17 other parties in the future." *Reply* 8:12-13.

While one of Rule 19's purposes is to avoid wasteful litigation, *see CP Nat'l Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir. 1991), the Court does not find Defendants' argument persuasive. As explained above, Defendants have not persuaded the Court that they cannot adequately "protect themselves through the impleader provision of Rule 14," *see Marisol,* 725 F. Supp. at 843, rather than through subsequent litigation. Nor have Defendants persuaded the Court that Plaintiff will be forced to initiate any—much less "a multitude of"—subsequent litigation against non-party entities, particularly if Plaintiff is successful in establishing that Defendants are liable for the costs of cleaning up the School Site. The Court also notes, again, that joinder of parties is not made "necessary" simply because "plaintiff is asking for *less* than what defendant may argue is 'complete relief.'" *See* Schwarzer, FED. CIV. PRO. BEFORE TRIAL 7:68 (citations omitted).

For these reasons, Defendants have failed to persuade the Court that it should dismiss Plaintiff's complaint for failure to join indispensable parties. Further, because the Court does not find the non-party entities in question to be "necessary" (i.e., "required"), the Court declines to order their joinder under Fed. R. Civ. P. 19(a)(2). *See* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.").

---

particular entities on any particular theory, only that Defendants have not met their burden of persuading the Court that they are precluded from asserting the claims in question. *See Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990) (noting that on a 12(b)(7) motion "[t]he moving party has the burden of persuasion in arguing for dismissal").

[5] The Court notes that this contention appears inconsistent with Defendants' argument that they lack standing to pursue injunctive relief against the non-party entities, as discussed above. *See Reply* 6:15-19.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

III.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

    A.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider a) documents that are "properly submitted as part of the complaint," b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

    B.     Discussion

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

  Defendants move to dismiss Plaintiff's fifth cause of action under the California Land Reuse and Revitalization Act ("CLRRA" or the "Act") for failure to state a claim. Generally, the CLRRA provides qualified innocent landowners, bona fide purchasers, and contiguous property owners with immunity from liability for response costs or damage claims relating to the discharge or release of hazardous substances. *See* Cal. Health & Safety Code §§ 25395.60 *et seq.* Defendants make three arguments in support of their contention that Plaintiff has failed to state a claim under the Act.

  First, Defendants argue that while Plaintiff has pleaded its status as a "bona fide purchaser" under the CLRRA, *see Cmplt* ¶ 50, Plaintiff has not done so with sufficient particularity. Specifically, Defendants maintain that Plaintiff has not pleaded facts that would establish that it acquired ownership of the School Site on or after January 1, 2005, as required by the CLRRA's definition of a qualified "bona fide purchaser." *See* Cal. Health & Safety Code § 25395.69. Defendants submit no authority, however, indicating that a plaintiff alleging "bona fide purchaser" status under the CLRRA must plead the date of ownership of the relevant property or any other of the several components of the CLRRA's definition of a "bona fide purchaser." *See id.* The Court therefore rejects Defendants' first argument.

  Second, Defendants argue that Plaintiff cannot qualify as a "bona fide purchaser" under the CLRRA because allegations in the complaint indicate that some of the School Site property is still owned by Defendant Hankey (namely, the "Midway Site," for which Plaintiff is allegedly awaiting an order of possession pursuant to an eminent domain action), *see Cmplt* ¶ 16, and because the vesting documents for several parcels of property comprising the School Site indicate that Plaintiff owned them prior to January 1, 2005. *See Motion* 18:9-21. Defendants concede, however, that Plaintiff acquired ownership of some of the property comprising the School Site after January 1, 2005. *See id.* at 18:18-20. Defendants offer no authority indicating that to qualify as a "bona fide purchaser" of a site under the CLRRA a plaintiff must have acquired ownership of *all* property comprising the site after January 1, 2005. Nor does the Court discern anything in the language of the Act itself that would indicate as much. *See* Cal. Health & Safety Code §§ 25395.69, 25395.80. The Court therefore rejects Defendants' second argument.

  Finally, Defendants argue that Plaintiff fails to state a claim under the CLRRA because Plaintiff does not allege that it has entered into an immunity agreement with an oversight agency, as supposedly required by the CLRRA, and does not plead specific facts establishing that the School Site meets the definition of an eligible "site" under the CLRRA. *See Motion*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1181 PSG (PLAx) | Date | May 6, 2010 |
|---|---|---|---|
| Title | Los Angeles Unified School District v. BP America, Inc. *et al.* | | |

18:22-19:2.[6]  Again, however, even assuming that Defendants have correctly characterized the requirements of the CLRRA—which Plaintiff disputes, *see Opp.* 15:16-16:17–Defendants offer no authority indicating that Plaintiff is required to plead specific factual allegations addressing these requirements.

As Plaintiff has alleged the location, ownership, and operation history of the School Site, *see Cmplt* ¶¶ 1-2, along with facts concerning the contamination of the School Site, *see id.*, the Court finds that Plaintiff has alleged a "plausible" claim to relief under the CLRRA.  *See Iqbal,* 129 S. Ct. at 1949.  For these reasons, then, the Court denies Defendants' motion to dismiss Plaintiff's CLRRA claim.

IV.   Conclusion

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss for failure to join indispensable parties and DENIES Defendants' motion to dismiss Plaintiff's fifth cause of action under the CLRRA.

**IT IS SO ORDERED.**

---

[6] Defendants also contend that Plaintiff "likely cannot plead . . . that the School Site qualifies as a 'Site' under the CLRRA" because the School Site "appears" to be on "the Department of Toxic Substance Control's list of sites selected for . . . a response action under [Health & Safety Code] Section 25356."  *See Motion* 19:1-6.  Defendants cite as evidence for this assertion a printout purportedly from the Department of Toxic Substance Control's website, of which Defendants request the Court to take judicial notice.  *See RJN* ¶ 6; *Appendix of Exhibits*, Ex. F.  Plaintiff disputes that Defendants' printout indicates that the School Site is on the relevant "list."  *See Opp.* 16:25 n. 17.  Nor is it apparent to the Court that the printout indicates that the School Site is on the list.  The Court, therefore, does not take judicial notice of the fact that the School Site is on the relevant Department of Toxic Substance Control list.  *See* Fed. R. Evid. 201(b) (providing that a "judicially noticed fact must be one not subject to reasonable dispute").